No. 3681.—PIERRE DASPIT *v.* A. VERRET et als.

An overseer who has contracted with a planter by the year and has been discharged by the purchaser of the plantation, under a mortgage, before the year is out, cannot hold such purchaser liable for the wages due him after the date of the sale. In such a case the mortgage is superior to the overseer's privilege which has been acquired after the mortgage was given.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie, J. T. S. Goode,* for plaintiff and appellee. *N. H. Rightor* and *Legendre & Poche,* for defendants and appellants.

HOWELL, J. The plaintiff was employed by the defendant, Verret, as overseer for the year 1871, at a fixed salary. In August of that year, A. Miltenberger & Co. caused the plantation of Verret to be sold under a pre-existing mortgage, and became the purchasers. They immediately notified the plaintiff that he must leave, and employed another overseer. This suit was brought to recover the year's salary from Verret and A. Miltenberger & Co., *in solido,* and from a judgment in favor of plaintiff A. Miltenberger & Co. have appealed.

The judgment is erroneous as to appellants. They were not parties nor privies to the contract between plaintiff and Verret, and did not become so by their purchase at the sheriff's sale. Such a contract does not attach to nor pass with the land. The owner can not by his agreements with third persons impair the legal rights of his mortgage creditors further than specially provided by law, and one of those rights is to seize and sell the land mortgaged free of incumbrance other than those established by law or previously created by the owner.

The giving of a privilege to an overseer on the crop or its proceeds, for services rendered, does not affect the ·land or the right of mort-·gagees to have the land sold, and the contract of the overseer is made subject to such existing right. The authorities cited by plaintiff do not apply to this case to the extent claimed.

The counsel for appellants admit that the latter are bound for the wages of the plaintiff to the date of the sale, and fix the amount at ·$866 02.

It is therefore ordered that the judgment herein be reduced as to A. Miltenberger & Co., from $1450 to $866 02, and as thus amended it be affirmed. Costs of appeal to be paid by plaintiff and appellee.